IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Winner Dawan Mate,                    :

      Plaintiff                 :    Civil Action 2:12-cv-0426

  v.                                  :    Judge Smith

Thomas Hampton                        :    Magistrate Judge Abel
and Edward Sargus, Jr.,
                                      :
      Defendants

## Initial Screening Report and Recommendation

Plaintiff Winner Dewan Mate brings this civil rights action under 42 U.S.C. §1983. Plaintiff's motion to proceed without prepayment of fees and costs is GRANTED.

This matter is before the Magistrate Judge for screening of the complaint under 28 U.S.C. §1915(e)(2) to identify cognizable claims, and to recommend dismissal of the complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See, McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997). The Magistrate Judge finds that the complaint fails to state a claim against either defendant and, therefore, recommends dismissal of the complaint.

The complaint alleges that defendant Edward [sic] Sargus, Jr. has taken adverse

actions against plaintiff Mate in a lawsuit pending in this court. *Shanda Mathis on behalf of Dawan Mate v. Commissioner of Social Security,* 2:10-cv-0668. One such adverse action is alleged to be the appointment of defendant Thomas Hampton to represent Mr. Mate. The action was initially filed by Shanda Mathis, who is not a lawyer. Since non-lawyers cannot represent litigants, Mr. Hampton was appointed to represent Mr. Mate. October 27, 2011 Order in *Shanda Mathis on behalf of Dawan Mate v. Commissioner of Social Security,* 2:10-cv-0668, Doc. 34, PageID # 187. This lawsuit, initially attempted to be filed by Mr. Mathis in violation of an order in *Shanda Mathis v. State of Ohio Probate Court*, 2:12-cv-84, that directs the Clerk of Court "to present any future Complaints [filed by Ms. Shanda Mathis] to a Magistrate Judge to determine whether Ms. Mathis is again seeking to impermissibly file an action on behalf of another." *Shanda Mathis on behalf of Dawan Mate v. Edward Sargus, Jr., et al.,* 2:12-mc-13, Doc. 1, PageID # 1.

When considering whether a complaint fails to state a claim under Rule 12(b)(6), Federal Rules of Civil Procedure, a court must construe it in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the complaint as true. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Products v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). Rule 8(a), Federal Rules of Civil Procedure provides for notice pleading. *Conley v. Gibson*, 355 U.S. 41, 47 (1957). The United States Supreme Court held in *Erickson v. Pardus,* 127 S.Ct. 2197 (June 4, 2007):

> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Specific facts showing that the pleader is entitled to relief are not necessary; the statement need only

2

>  "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.': *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, __, 127 S.Ct. 1955, __ (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957).

Moreover, *pro se* prisoner complaints must be liberally construed. *Erickson v. Pardus*, above; *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980).

<u>Analysis</u>. This lawsuit is simply an attempt to re-litigate matters adjudicated in *Shanda Mathis on behalf of Dawan Mate v. Commissioner of Social Security*, 2:10-cv-0668. Plaintiff Mate's remedy, should he not be the prevailing party, is to appeal the final judgment in that case. Additionally, defendant Sargus is immune from suit for actions taken as a judge in a lawsuit. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id*. at 356-57(citation omitted); *see also Schorle v. City of Greenhills*, 524 F. Supp. 821, 828 (S.D. Ohio 1981).

Further, the complaint fails to state a federal claim for relief against defendant Hampton. An attorney representing a party in a lawsuit is not acting under color of state law within the meaning of § 1983. *See, Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Further, none of the actions allegedly taken by Hampton are actionable. For example, the complaint alleges that Hampton committed malpractice when he failed to move for default judgment against the Commissioner of Social Security; however, Rule 55, Federal Rules of Civil Procedure together with 42 U.S.C. § 405(g) prohibit the award of a judgment by default against the Commissioner despite the Commissioner's failure

to timely file an answer and administrative transcript. *Poe v. Mathews*, 572 F.2d 137, 138 (1978).

Accordingly, the Magistrate Judge RECOMMENDS that the complaint be DISMISSED because defendant Sargus is immune from suit and it fails to state a claim against defendant Hampton under 42 U.S.C. §1983 or the other statutes cited by plaintiff. Defendants do not have to respond to the complaint unless the Court rejects this Report and Recommendation.

IT IS FURTHER ORDERED that plaintiff's application to proceed without prepayment of fees be GRANTED. The United States Marshal is ORDERED to serve upon each defendant named in the complaint a copy of the complaint and a copy of this Order.

If any party objects to this Report and Recommendation, that party may, within ten (10) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this Report and Recommendation, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1)(B); Rule 72(b), Fed. R. Civ. P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150-52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk of Court is DIRECTED to mail a copy of the complaint and this Report and Recommendation to each defendant.

s/Mark R. Abel
United States Magistrate Judge