IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Winner Dawan Mate, | : | |
| Plaintiff | : | Civil Action 2:12-cv-426 |
| v. | : | Judge Smith |
| Thomas Hampton, *et al.*, | : | Magistrate Judge Abel |
| Defendants. | : | |

**OPINION AND ORDER**

Plaintiff filed this action on May 17, 2012 against Defendants Thomas Hampton and the Hon. Edmund Sargus Jr., alleging that they conspired to violate his civil rights and to commit other wrongdoing in connection with *Shanda Mathis on behalf of Dawan Mate v. Commissioner of Social Security*, Southern District of Ohio Case No. 2:10-cv-0668.  This Social Security case was originally filed by Shanda Mathis on behalf of Dawan Mate, a person allegedly not competent to act on his own behalf due to chronic mental illness and traumatic brain injury.  As Ms. Mathis is not an attorney and cannot represent Dawan Mate, the Court – at Ms. Mathis' request – appointed Mr. Hampton, an attorney, to represent him.

In this action, Dawan Mate (here styled Winner Dawan Mate) now alleges that Judge Sargus failed to perform his official duties by granting numerous extensions to the Commissioner, conspired with Mr. Hampton to deny him certain relief, and failed to timely rule in his favor on the underlying controversy.  The

Social Security case was terminated when the parties stipulated to remand the matter to the Commissioner for further proceedings, including further development of the record and a new hearing. (Case No. 10-cv-668, Doc. 47.) Here, however, Plaintiff argues that Mr. Hampton refused to move for a default judgment, and that Judge Sargus in essence connived with him to prevent him from being awarded benefits outright.

In the initial screening Report and Recommendation, the Magistrate Judge recommended that this action be dismissed under 28 U.S.C. §1915(e)(2) on grounds that it is merely an attempt to relitigate Plaintiff's Social Security appeal, that Plaintiff's sole remedy is to appeal the final judgment in this case, that defendant Sargus is immune from suit for actions taken as a judge in a lawsuit, and that defendant Hampton was not acting under color of law and is not alleged to have taken any actions giving rise to a cognizable claim.

This matter is now before the District Judge pursuant to 28 U.S.C. §636(b)(1)(B) on Plaintiff's May 31, 2012 Objections (Doc. 4). Plaintiff argues that this action is independent in that it alleges wrongdoing by a federal judge in a proceeding rather than a failure to pay benefits, that a judge does not enjoy judicial immunity when he acts without jurisdiction, and that private persons are acting under color of law where they conspire with government officials to violate an individual's civil rights.

The Report and Recommendation of the Magistrate Judge is well taken. Plaintiff's central argument appears to be that he was denied benefits because Mr.

Hampton should simply have filed a motion for default judgment and thus prevailed against the Commissioner, instead of stipulating to remand the matter. In the first place, as the Magistrate Judge pointed out, a default judgment cannot be had against the Commissioner of Social Security. *See* 42 U.S.C. §405(g); *Poe v. Matthews*, 572 F.2d 137, 138 (1978). In the second place, a cursory examination of the docket of that case indicates that the Commissioner timely answered Plaintiff's complaint. *See* Case No. 10-cv-668, Doc. 15 (answer by Commissioner of Social Security, following scheduling order in Doc. 5 and extensions of time granted in Docs. 10, 12). Accordingly, Plaintiff could not have had a default judgment whether or not Mr. Hampton attempted to obtain one. This failure to move for a default judgment is the sole actual allegation of alleged misconduct or malpractice on the part of Mr. Hampton. Even were he found to have acted under color of law – an allegation unsupported by anything other than vague suggestions of conspiracy with the presiding judge – Plaintiff has not pled that Mr. Hampton deliberately or negligently failed to take any action at all which an attorney might have properly performed, and has thus failed to state a claim against him upon which relief can be granted.

  Furthermore, as the Magistrate Judge also pointed out, a judge is immune from suit for actions taken as a lawsuit, even erroneous or malicious actions, unless he acts in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). The district courts of the United States have jurisdiction to hear appeals from final decisions of the Commissioner of Social Security. 42 U.S.C.

§405(g).  Thus, Defendant Sargus is immune from suit for actions he took while presiding over Plaintiff's Social Security proceeding.

As Plaintiff's complaint fails to state a claim against Defendant Hampton under 42 U.S.C. §1983 and Defendant Sargus is immune from suit, the Report and Recommendation of the Magistrate Judge is **ADOPTED**.  It is hereby **ORDERED** that this action be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted.

s/ George C. Smith
United States District Judge
